IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **RODNEY PIRKLE**, | ) |
| Plaintiff, | ) ) |
| v. | ) CAFN: 2:12-CV-00238-RWS ) ) |
| **FORSYTH COUNTY SHERIFF'S OFFICE, FORSYTH COUNTY, GEORGIA** and **TED PAXTON** in his individual and official capacity as Sheriff of Forsyth County, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FILED BY DEFENDANTS FORSYTH COUNTY AND FORSYTH COUNTY SHERIFF'S OFFICE**

This court should deny the Defendant Forsyth County's Motion to dismiss as there exist issues of fact regarding the scope of Plaintiff's employment and the control exercised by Forsyth County that preclude dismissal.

### *Background:*

In this action, Plaintiff Rodney Pirkle alleges that Forsyth County Sheriff Ted Paxton wrongfully terminated Pirkle's employment because Pirkle posted on Facebook that he supported Paxton's opponent, Duane

Piper, in the upcoming election for Sheriff. While Pirkle agrees that Ted Paxton made the decision to terminate his employment, the Separation notice filed with the State of Georgia listed "Forsyth County, Georgia" as Pirkle's employer, and it is the understanding and belief of Plaintiff that Forsyth Sheriff's employees are covered by the Forsyth County Civil Service System.

### Argument and Citations of Authority:

A)   **Forsyth County:**

Defendants make self-contradictory arguments regarding why the County should be dismissed as a party. On one hand, Defendants cite to a line of authority which holds that sheriff's offices are not legal entities because they are divisions of the County. On the other hand, Defendants argue that the County is not a proper party because it exercises no authority over the Sheriff or his office.

In its argument in support of dismissal of the Sheriffs Office, Defendants cite to a line of authority that holds sheriff's offices and police departments are not legal entities subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The basis of these holdings is that a police department or sheriff's office is merely "the vehicle through which the [county] fulfills its policing functions" and therefore is not a separate entity

2

apart from the County.  *E.g., Shelby v. City of Atlanta*, 578 F.Supp.1368, 1369 (1984); *Post v. City of Fort Lauderdale*, 750 F.Supp. 1131, 1132 (1990).  This authority is based on the idea that such offices are merely divisions of the County, which would be the proper party in interest.  Therefore, the proper action for a plaintiff under this authority would be to sue the County proper, not its sheriff's office or police department.

But Defendant then argues in support of dismissal of Forsyth County that the County is not a proper party because it has "no role in" the Sheriff's law enforcement functions.  Defendant bases this argument on *Manders v. Lee*, 338 F.3d 1304, 1310-12 (11th Cir. 2003) and *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1336 (11th Cir. 2003).  *Manders* and *Grech* collectively hold that County's are not liable for the law enforcement actions of the Sheriff (and that Sheriffs have Eleventh Amendment immunity) for claims involving "law enforcement activities."  But *Manders* and *Grech* are silent as to whether the Eleventh Amendment would apply or whether a County would be liable for the *personnel* decisions of the Sheriff, especially if the Sheriff placed his employees into the County's Civil Service System, as was done in this case.  *See Grech*, at 1338, *citing to Gwinnett County v. Yates*, 265 Ga. 504, 508, 458 S.E.2d 791 (1995), (counties "can take no action

affecting employees of an elected official unless that official places his office under a county's civil service system).

Therefore, the question before this court is whether, in a lawsuit challenging a personnel matter involving a sheriff's employee, who the County represents is a County employee, and when the sheriff placed his employees under the County's civil service system, is the Sheriff an independent entity wholly apart from the County or instead is the Sheriff merely the final policy-maker for the County regarding personnel matters involving his office?

Plaintiff submits that there are issues of fact that must be determined regarding the nature of the Plaintiff's employment and the civil service system that make the Defendant's Motion to dismiss improper.  Further, Plaintiff asserts that the proper interpretation of the law is that county sheriffs are policymakers for their respective county regarding personnel actions when the sheriff has placed his office under the County's civil service system and, therefore, Forsyth County is a proper parties in this lawsuit that challenges the sheriff's personnel decision.

Therefore, the Defendant's Motion to dismiss the Defendant Forsyth County should be denied.

**B)   Forsyth County Sheriff's Office:**

Plaintiff agrees that, under the present state of Georgia law, Defendant "Forsyth County Sheriffs Office" is not a legal entity.  However, Ted Paxton in his official capacity is a proper party and, as Defendants have not moved to dismiss this official capacity claim, Plaintiff does not oppose dismissal of Defendant "Forsyth County Sheriff's Office."

Submitted this 15th day of February, 2013.

*/s Howard W. "Tres Indermark*
Howard W. "Tres" Indermark
Georgia Bar No. 005848

**Indermark|Vaishnav, LLC**
P.O. Box 223
Avondale Estates, GA 30002
(404) 378-6001
*tres@i-vlaw.com*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESEVILLE DIVISION

| | |
|---|---|
| **RODNEY PIRKLE**, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **FORSYTH COUNTY SHERIFF'S** ) <br> **OFFICE, FORSYTH COUNTY,** ) <br> **GEORGIA** and **TED PAXTON** ) <br> in his individual and official ) <br> capacity as Sheriff of Forsyth ) <br> County, ) <br> ) <br> Defendants. ) <br> _____) | CAFN: 2:12-CV-00238-RWS |

## CERTIFICATE OF SERVICE

This is to certify that this day I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FILED BY DEFENDANTS FORSYTH COUNTY AND FORSYTH COUNTY SHERIFF'S OFFICE** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorney(s) of record:

Timothy J. Buckley III
Taylor W. Hensel
**Buckley Brown, P.C.**
2970 Clairmont Rd. NE
Suite 1010
Atlanta, GA 30329
(404) 633-9230


Submitted this 15th day of February, 2013.

*/s Howard W. "Tres Indermark*
Howard W. "Tres" Indermark
Georgia Bar No. 005848

**Indermark|Vaishnav, LLC**
P.O. Box 223
Avondale Estates, GA 30002
(404) 378-6001
*tres@i-vlaw.com*